# Etowah Mining Co. v. Christopher, Receiver.

### Action by a Receiver to recover Money due upon an Account.

1. *Action by receiver; when existence of partnership between plaintiff and defendants presents a defense.*—To an action brought by a receiver of a corporation under appointment of the chancery court, to recover an amount alleged to be due upon an account, a plea that the amount claimed involves the settlement of a partnership existing between the plaintiff and defendants in the course of which the debts sued for were incurred, and that said partnership has never been settled, presents a defense; and a demurrer to such plea that the plaintiff sues as receiver of the chancery court, and that as such receiver he could not have entered into partnership with the defendants, is not well taken and should be overruled.

2. *Appeal from judgment of the city court of Gadsden; review of rulings upon a demurrer.*—Although by the act creating the city court of Gadsden, an appeal may be taken from a ruling upon the pleadings within thirty days, the failure to take such appeal does not deprive the parties against whom the ruling was made of the right to assign the ruling as error on an appeal taken from the final judgment in the cause, within twelve months after its rendition.

3. *Same; when exception not necessary for revision.*—Upon the trial of a cause by the court without the intervention of a jury, an exception to the court's ruling upon the demurrer is not necessary in order to bring such ruling before the appellate court for revision, nor is it necessary that there should have been an exception reserved to the final judgment.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, Obal Christopher, as receiver of the O'Conner Mining & Manufacturing Company, against the appellants, the Etowah Mining Company and the Attalla Mining & Manufacturing Company; and sought to recover an amount alleged to be due upon an account. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and there was judgment rendered for the

[Etowah Mining Co. v. Christopher, Receiver.]

plaintiff. From this judgment the defendants appeal, and assign as error the rulings of the court upon the plaintiff's demurrer to their plea, and the rendition of final judgment for the plaintiff.

After the cause was brought to this court on appeal, a motion was made to dismiss the appeal upon the following grounds: "1st. It is an appeal from the judgment or ruling of the city court of Gadsden on the pleadings, and was not taken within thirty days after the rendition of said judgment or rulings on the pleadings. 2d. Because no exceptions were taken or filed to the final judgment of the city court, the said cause having been tried without a jury."

DORTCH & MARTIN, for appellants.

DENSON & BURNETT, contra.—The appeal should be dismissed. The rulings on the pleadings were themselves appealable, and the pretended appeal from the final judgment is a mere pretext. In a similar cause— Lloyd v. Kyle, 26 W. Va.—the court says: "If he is not entitled to an appeal from such subsequent decree for errors committed therein, independently of any errors committee in such former appealable decree, and which are merely carried into effect by the subsequent decree, the appeal cannot be allowed." Again, this appeal should be dismissed, because there was no exception taken to the final judgment.— Williams v. Woodward Iron Co., 106 Ala. 254.

HEAD, J.—The appellee, as receiver of the O'Connor Mining & Manufacturing Company, brought this suit, at law, to recover of appellants a sum of money alleged to be due by account. The defendants pleaded that the amounts claimed involved the settlement of a partnership existing between plaintiff and defendants, in the course of which the debts sued for were incurred, and the amounts due the respective partners cannot be known without the settlement of the partnership existing between plaintiff and defendants, and that said partnership, which existed at the time the debts sued for were created, has never been settled.

To this plea the plaintiff demurred, as follows: "1st. The plea attempted to plead a partnership as a bar to

this suit between plaintiff and defendants which cannot be done, as the plaintiff sues as receiver of the chancery court, and the recovery must be to plaintiff as such receiver, and the plaintiff as receiver could not enter into partnership with defendants." The court sustained the demurrer, and on trial of other issues of fact, sitting without a jury, rendered judgment final for the plaintiff for a sum of money specified, and this ruling is assigned as error.

It is, of course, not disputed that, as a general rule, demands of partners against each other, growing out of the parnership business, cannot be the subject of a suit at law by either against the other, until there has been a settlement of the partnership and a balance ascertained in favor of the plaintiff. Courts of law are not regarded adequate for the settlement of such accounts, which involve not only adjustment of the demands of the partners *inter sese,* but possibly those of joint and separate creditors of the partnership and partners ; and the jurisdiction has been accorded exclusively to equity. But appellee insists that if a person filling the office of a receiver in chancery, steps aside from the duty of his position and wrongfully enters into a parnership with another, he may carry on the business contemplated by the relation and bring about the complications which render law inadequate and necessitate equitable interposition to justly settle the accounts, yet, because of his own wrong in entering into the partnership, he may subject his co-partner to the injustice of an impracticable and possibly disastrous effort to settle the accounts in a court of law. It is not open to a person to lay claim to such a privilege. He will not be heard to say that, as receiver, he had no authority to enter into the partnership. So long as he is the party complaining, his official character and disabilities will be put out of view. The chancery court—the source of his official authority —is competent to protect the receivership. If by his misdoing the trust is endangered, he is responsible to the court appointing him for the consequences, and ample remedies may be found against any who may have wrongfully participated with him, in any misappropriation of trust assets. But, we repeat, it is not for him to allege his own delinquency to the injury of another with

whom he has dealt, and, while claiming the benefits, repudiate the burdens of his transactions.

The court erred in sustaining the demurrrer to the plea.

There is no merit in the motion to dismiss the appeal. Though, by the act creating the court, an apppeal might have been taken from the interlocutory order, within thirty days, the failure to do so does not · deprive the party of the right to assign the order as error, on appeal from the final judgment, prosecuted within twelve months, under the general statute. Nor was an exception necessary to bring before us for revision the ruling on the demurrer.

Reversed and remanded.